# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# CIVIL DIVISION

GAYLE PUNCHIOS,  : Civil No. _____
        Plaintiff

vs.  :
  :

OWENS BROCKWAY, a corporation  :
        Defendant  :

---

## COMPLAINT

---

        Submitted By:

        s/Querino R. Torretti
        Querino R. Torretti, Esq.
        Attorney for Plaintiff
        600 Main Street, PO Box 218
        Reynoldsville, PA 15851
        Supreme Court ID No.: 23996
        814-653-2243

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION

GAYLE PUNCHIOS,                             : Civil No. _____
        Plaintiff

   vs.

OWENS BROCKWAY, a corporation
        Defendant

**COMPLAINT**

    The Plaintiff, Gayle Punchios, by her attorney, Querino R. Torretti, sets forth the following cause of action by averring:

    1.  The Plaintiff, Gayle Punchios, is a sui juris adult who resides in Sykesville, Jefferson County, Pennsylvania.

    2.  The Defendant, Owens Brockway, is a corporation duly authorized to conduct business in the Commonwealth of Pennsylvania with a place of business located at Crenshaw, Brockway, Jefferson County, Pennsylvania 15824.

    3.  That at all times material the Plaintiff has been a member of Affiliate Local Union #110 affiliated with the Glass, Molders, Pottery, Plastics & Allied Workers International Union, referred to as the Union and has been employed at all times relevant by the Defendant as a selector packer.  The Union was the collective bargaining representative of some of Defendant's employees, including Plaintiff.

    4.  At different times, the Defendant and the Union entered into collective bargaining agreements covering the wages, hours, and other terms and conditions of employment of the employees represented by the Union, including Plaintiff.

5. That while employed by the Defendant the Plaintiff was injured while working within the scope and course of her employment. As the result of her injury, she was unable to continue actively working as an employee beyond the 9th day of February, 1994.

6. The Plaintiff became totally disabled as of February 9, 1994.

7. One collective bargaining agreement was entered into between Plaintiff's Union and the Defendant, effective April 1, 1993 and continuing in full force and effect until April 1, 1996.

8. A second collective bargaining agreement was entered into between Plaintiff's Union and the Defendant with this agreement becoming effective April 1, 1996.

9. The collective bargaining agreements in question provided benefits called and termed Permanent and Total Disability Benefits and Disability Retirement Income Benefits.

10. The Defendant has unilaterally breached the collective bargaining agreements in question in refusing to comply with the provisions of the subject collective bargaining agreements as regards the benefits referenced above.

11. That the Plaintiff is entitled to these benefits.

12. That the Defendant has breached the collective bargaining agreements in various respects including but not limited to:

a) in denying Plaintiff her Permanent and Total Disability Benefits although she has satisfied the eligibility requirements for the same;

b) in denying Plaintiff Disability Retirement Income Benefits although she has satisfied the eligibility requirements for the same;

c) in failing to provide an application procedure for the Plaintiff to seek and obtain Disability Retirement Income Benefits;

d) in failing to respond to Plaintiff's requests for application forms to apply for Disability Retirement Income Benefits;

e) in failing to consider Plaintiff's claim for Disability Retirement Income Benefits;

f) in failing to timely advise the Plaintiff of her right to apply for both Permanent and Total Disability Benefits and Disability Retirement Income Benefits;

g) in failing to timely provide to Plaintiff information as to the period of time she had to apply for Permanent and Total Disability Benefits;

h) in failing to provide and also in failing to timely provide the Plaintiff with any materials apprising her of her rights to file for Permanent and Total Disability Benefits and Disability Retirement Income Benefits;

i) in failing to send a notice to the Plaintiff by registered mail within a reasonable period of time advising the Plaintiff to file for Permanent and Total Disability Benefits or provide evidence of her medical condition;

j) in failing to apprise the Plaintiff within a reasonable time after the effective date of the second collective bargaining agreement of an expanded period of time during which the Plaintiff could apply for Permanent and Total Disability Benefits; and

k) in failing in various other respects to abide by the terms of said agreements.

13. The Defendant by correspondence dated August 3, 1999 denied Plaintiff's claim for Permanent and Total Disability Benefits. Subsequently after an appeal Defendant again denied this same claim via correspondence dated October 15, 1999. After instituting a grievance procedure through the Union Plaintiff's claim for Permanent and Total Disability Benefits has been denied multiple times in the calendar year 2003.

14. The Defendant has never formally denied Plaintiff's claim for Disability Retirement Income Benefits.

15. That Defendant is estopped and prevented from asserting any time limit relative to Plaintiff's claim for Disability Retirement Income Benefits since there is no claim procedure set forth in the collective bargaining agreements for said benefits including any time limitations within which to apply for said benefits.

16. That by being illegally denied her entitlement to Permanent and Total Disability Benefits and Disability Retirement Income Benefits the Plaintiff is being denied various benefits including but not limited to a cash PTD benefit; to active life insurance coverage; continuing medical coverage; and monthly disability retirement income benefits, effective the last date that she worked namely February 9, 1994.

17. As required under the law, the Plaintiff has fully exhausted her administrative remedies. Specifically an Arbitration Opinion and Award has been issued bearing dated February 6, 2004.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount in excess of $25,000.00 and for such other relief as your Honorable Court deems appropriate.

                                                       <u>S/Querino R. Torretti</u>
                                                       Querino R. Torretti, Esquire
                                                       Attorney for Plaintiff

## **V E R I F I C A T I O N**

I, Gayle Punchios, verify that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief and that I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

*Gayle Punchios*
Gayle Punchios