IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAYLE PUNCHIOS,   Plaintiff, | ) ) ) |
| vs | ) ) Civil Action No. 07-865 ) |
| OWENS BROCKWAY, a corporation,   Defendant. | ) ) ) |

REPORT AND RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the defendant's motion to dismiss the complaint (Document No. 11) be granted.

II. Report:

Presently before the Court is a motion to dismiss the complaint submitted by the defendant, Owens Brockway. For reasons discussed below, the defendant's motion to dismiss should be granted.

On June 22, 2007, the plaintiff, Gayle Punchios, filed a complaint against Owens Brockway, alleging that it breached collective bargaining agreements covering the terms and conditions of her employment with it. Although the complaint does not set forth the basis for the Court's jurisdiction, the civil cover sheet attached to the complaint reflects that the Court has federal question jurisdiction over this matter by reason of Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185.[1]

---

1. Section 301 of the LMRA provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce... may be brought in any district court of the United States having jurisdiction of the parties... 29 U.S.C.
(continued...)

The plaintiff alleges in the complaint that at all times relevant to this action, she was employed by the defendant as a selector packer and was a member of Affiliate Local Union #110, affiliated with the Glass, Molders, Pottery, Plastics & Allied Workers International Union (the "Union"); that the defendant and Union entered into collective bargaining agreements covering the terms and conditions of employment for employees such as herself (the "CBA's"); that while working within the course and scope of her employment with the defendant, she was injured and could not continue actively working as an employee beyond February 9, 1994; that the CBA's provided Permanent and Total Disability Benefits, as well as Disability Retirement Income Benefits to which she was entitled; and that the defendant breached the CBA's in several respects, including by improperly denying her the aforesaid benefits.

The plaintiff contends that she has fully exhausted her administrative remedies under the CBA's. That is, the plaintiff avers that after utilizing the applicable grievance procedure under the CBA's, her claim for Permanent and Total Disability Benefits was denied in an Arbitration Opinion and Award dated February 6, 2004.

The defendant has moved to dismiss the complaint on several grounds, including that the plaintiff's claim is time barred, and that the complaint fails to state a viable claim. As to its latter argument, the defendant asserts that the complaint fails to state a claim under § 301 of the LMRA, as it does not allege a breach of the duty of fair representation by the Union. We agree.

In reviewing a motion to dismiss, all well-pleaded allegations of the complaint

---

1. (...continued)
§ 185(a).

must be accepted as true and viewed in a light most favorable to the non-movant. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). To survive a motion to dismiss, a complainant's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007). A complaint will be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 1974.

In cases as here, where a CBA establishes a mandatory grievance procedure in which a union pursues claims on behalf of its aggrieved employee, an employee will be bound by the results obtained in the grievance process subject to very limited judicial review. <u>DelCostello v. International Brotherhood of Teamsters</u>, 462 U.S. 151, 164 (1983). The Third Circuit Court of Appeals has explained:

> Employees may appeal an adverse decision under § 301 if they can show that their union breached its duty of fair representation, that is, that the union's conduct was arbitrary, discriminatory, or in bad faith. Employees may also have their claim heard in federal court under § 301 if the grievance procedure was a 'sham, substantially inadequate or substantially unavailable.'

<u>Vosch v. Werner Continental, Inc.</u>, 734 F.2d 149, 154 (3d Cir. 1984), <u>cert</u>. <u>denied</u>, 469 U.S. 1108 (1985) (citations omitted). Accord, <u>Mosco v. Corning Glass Works</u>, 1985 WL 56772 (W.D.Pa., Sept. 30, 1985), 120 L.R.R.M. (BNA) 2861 ("if an employee receives a determination of a grievance that is final and binding under [h]is contract, he may not then litigate the merits of his grievance unless he can show that his union breached its duty of fair representation, or... that the integrity of the grievance process was impugned"), <u>aff'd</u>, 800 F.2d 1136 (3d Cir. 1986) [Table].

In both <u>Vosch</u> and <u>Mosco</u>, <u>supra</u>, the plaintiffs -- as the plaintiff here -- did not challenge the fairness or adequacy of their union's representation in the grievance procedure, did

3

not impugn the integrity of the arbitration process, and did not assert a claim against the union for breach of the duty of fair representation. Consequently, the <u>Vosch</u> Court held: "we are constrained to conclude that the plaintiffs did not state a cause of action under § 301." 734 F.2d at 154-155. In a similar vein, the <u>Mosco</u> Court granted the defendant's motion for summary judgment. 120 L.R.R.M. (BNA) 2861.

Recently, in <u>Guerrero v. Hovensa, LLC</u>, 2007 WL 4468668, *5 (3d Cir., Dec. 21, 2007), the Third Circuit Court of Appeals affirmed the dismissal of a § 301 claim where a complainant failed to allege that his union breached its duty of fair representation. In <u>Guerrero</u>, the Court explained that "to prevail on a § 301 claim, an employee 'must not only show that [her employer's complained-of act] was contrary to the contract but must also carry the burden of demonstrating breach of the duty by the Union.'". 2007 WL 4468668, *4, quoting <u>DelCostello</u>, <u>supra</u>, 462 U.S. at 165. Significantly, the Court in <u>Guerrero</u> stated:

> [The plaintiff's] brief in the District Court stated that 'he
> did not allege a breach of the duty of fair representation
> by [his union] because there was no such breach.'... If
> there was no such breach, then [the plaintiff] could not
> prove an essential element of his [§ 301] claim...

2007 WL 4468668, *5. Also see, <u>Vadino v. A. Valey Engineers</u>, 903 F.2d 253, 261 (3d Cir. 1990) ("[a]n allegation that the union breached its duty of fair representation [is] a necessary component of the § 301 claim against the employer").

In opposing the defendant's motion to dismiss, the plaintiff argues that her claim is a "pure breach of contract" suit under § 301, not a "hybrid" action which requires a claim against the union for breaching its duty of unfair representation. We disagree. Our Court of Appeals has explained: "A 'pure' section 301 action involves a union suing an employer for

4

breach of the collective bargaining agreement. A 'hybrid' section 301 action involves a union member suing the employer for breach of the collective bargaining agreement, *and* his or her union for breaching its duty of fair representation." Service Employees Intern. Union Local 36, AFL-CIO v. City Cleaning Co., Inc., 982 F.2d 89, 94 n.2 (3d Cir. 1992) (citations omitted) (emphasis in original).

In DelCostello, the Supreme Court also distinguished a pure § 301 breach of contract suit as was the case in Auto Workers v. Hoosier, 383 U.S. 696 (1966), from a hybrid § 301/fair representation claim, stating: "Hoosier did not involve any agreement to submit disputes to arbitration, and the suit was brought by the union itself rather than by an individual employee." 462 U.S. at 163. In contrast, the Court explained that a "hybrid" suit amounts to a direct challenge to the private settlement of disputes under the collective bargaining agreement and comprises two causes of action:

> The suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the National Labor Relations Act ... The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both.

Id. at 164-165.

Here, the plaintiff's suit falls within the "hybrid" genre, and is not a "pure" breach of contract claim, as it is brought by the plaintiff individually and not her Union, and it challenges the adverse final ruling of an arbitration proceeding under the CBA's grievance procedure. Since the plaintiff does not allege that the Union breached its duty of fair

representation, her § 301 suit fails to state a viable claim.[2]

Not only is the plaintiff's § 301 suit deficient, it is time-barred. In DelCostello, the Supreme Court held that suits against employers for allegedly violating a collective bargaining agreement and against the union for violating its duty of fair representation are governed by the six-month limitation period provided in §10(b) of the National Labor Relations Act. 462 U.S. at 172.[3] In cases as here, where a plaintiff's grievance has proceeded to a final decision by an arbitrator, the six-month limitation period "accrues at the time the plaintiff knows, or should have known, of the final arbitration decision". Vadino, supra, 903 F.2d at 261, n.11.

As recited above, the plaintiff's claim for benefits was denied in a final Arbitration Opinion and Award dated February 6, 2004. Having commenced this action on June 22, 2007, the plaintiff's suit is time-barred.

Therefore, it is recommended that the defendant's motion to dismiss the complaint (Document No. 11) be granted.

Within thirteen (13) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation, or in the case of the plaintiff, may file an amended complaint. Any party opposing filed objections shall have seven (7) days from

---

2. The plaintiff's reliance on Cabarga Cruz v. Fundacion Educativa Ana G. Mendez, Inc., 822 F.2d 188 (1st Cir. 1987), is unavailing. In that case, the plaintiff's suit was deemed a straight breach of contract claim, not a hybrid action, but importantly, the Court noted that the plaintiff's grievance "was never considered" by the grievance and arbitration committee, Id. at 190, as the plaintiff's employer "repudiated the grievance and arbitration procedures". Id. at 192. Thus, unlike the plaintiff's suit here, Cabarga Cruz did not involve a direct challenge to the private settlement of disputes under a collective bargaining agreement.

3. Section 10(b) of the National Labor Relations Act provides in pertinent part: ".. No complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge..." 29 U.S.C. §160(b).

the date of service of objections to respond thereto. Failure to file timely objections or an amended complaint may constitute a waiver of any appellate rights.

Respectfully submitted,

s/ ROBERT C. MITCHELL
United States Magistrate Judge

Dated: February 19, 2008